FILED & JUDGMENT ENTERED
Steven T. Salata

November 27 2019

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

In re: )
Claude St Gilles, ) Chapter 7
) Case No. 19-30830
Debtor. )
)

## ORDER DISMISSING CASE

**THIS MATTER** is before this Court on a review of the Order to Appear and Show Cause (the "Show Cause Order"), the Chapter 7 Trustee's Notice of Motion to Stay Dismissal of Case for Debtor's Failure to File a Certificate of Credit Counseling (the "Motion to Stay"), and the Chapter 7 Trustee's Notice of Motion for Order Directing Turnover (the "Motion for Turnover") (collectively, the "Matters"). On October 28, 2019, these Matters were heard at a continued hearing at which the Debtor, the Chapter 7 Trustee (the "Trustee"), and the Bankruptcy Administrator appeared. Having considered the parties' briefs and oral arguments, this Court concludes that this case must be **DISMISSED**.

On June 17, 2019, in an effort to stop a foreclosure action, the Debtor filed a *pro se* petition for relief under Chapter 7 of the United States Bankruptcy Code. The petition lacked many of the schedules, statements, and other documents required of all Chapter 7 Debtors. Notably, the Debtor failed to file a certificate of credit counseling contemporaneously with the

petition. Consequently, on June 18, 2019, the Court entered the Show Cause Order, directing the Debtor to show cause as to why the case should not be dismissed due to the Debtor's failure to comply with the credit counseling requirement as mandated by 11 U.S.C. § 109(h)(1).

In response to the Show Cause Order, on July 8, 2019, the Trustee filed the Motion to Stay. In it, the Trustee argues that the case should not be dismissed given the presence of debtor funds that could be administered for the estate.[1] Unbeknownst to the Debtor, the filing of the petition resulted in certain funds held in the Debtor's Wells Fargo bank account being frozen. Consequently, the case is putatively considered an "asset case" and the Trustee wishes to administer the funds and any other non-exempt property for the benefit of creditors.

While the Trustee acknowledges that a majority of courts hold that dismissal is mandatory where the debtor fails to comply with Section 109(h), she argues that the case may be maintained in this instance. In support of this position, the Trustee cites several cases, admittedly in the minority view, holding that Section 109(h) does not require dismissal where either the debtor complied with the "spirit" of Section 109(h) or dismissal would result in a manifest injustice.[2]

Courts following the minority view generally rely on the doctrines of judicial estoppel or waiver to circumvent the strict requirements of Section 109(h). *See, Gibson v. Dockery (In re Gibson)*, 2011 Bankr. LEXIS 5084 at *12 (B.A.P. 9th Cir. 2011) (collecting cases in which courts have strictly applied the credit counseling requirement of Section 109(h) and also collecting cases following the minority view). For instance, in *Rodriguez Mendez*, the debtor

---

[1] The Debtor disputes that these are his funds. Instead, he alleges that they belong to his fiancé.
[2] *See, e.g. Rodriguez Mendez v. Salven (In re Rodriguez Mendez)*, 367 B.R. 109 (B.A.P. 9th Cir. 2007); *In re Nichols*, 362 B.R. 88 (Bankr. S.D.N.Y. 2007); *In re Hess*, 349 B.R. 489 (Bankr. D.Vt. 2006); *In re Parker*, 351 B.R. 790 (Bankr. N.D. Ga. 2006); *Simon v. Amir (In re Amir)*, 436 B.R. 1 (B.A.P. 6th Cir. 2010); *In re Withers*, 2007 Bankr. LEXIS 663 at *3 (Bankr. N.D. Ga. 2007); *In re Fiorillo*, 455 B.R. 297, 2011 U.S. Dist. LEXIS 67879 (D. Mass. 2011); *In re Timmerman*, 379 B.R. 838 (Bankr. N.D. Iowa 2007); *In re Lilliefors*, 379 B.R. 608 (Bankr. E.D. Va. 2007); *In re Wise*, 415 B.R. 579 (Bankr. N.D.Ala. 2009); *In re Sussman*, 2019 Bankr. LEXIS 1728 (Bankr. M.D. Fla. 2019).

sought dismissal of her case for failure to comply strictly with the credit counseling requirements of Section 109(h). *Rodriguez Mendez v. Salven (In re Rodriguez Mendez)*, 367 B.R. 109, 115 (B.A.P. 9th Cir. 2007). That court rejected the debtor's "attempt to use the BAPCPA credit counseling requirement offensively, as a ticket to get out of bankruptcy," noting that typical decisions strictly construing Section 109(h) involved dismissal over the debtor's objection. *Id.* at 114. The *Rodriguez Mendez* court concluded that the doctrines of waiver and judicial estoppel apply when it is the debtor—rather than another party in interest—seeking dismissal under Section 109(h) and held that the record supported a waiver by the debtor of strict compliance with the credit counseling requirement. *Id.* at 114-15.

Similarly, in *Amir*, a debtor sought dismissal of his case due to his own failure to file a matrix, schedules, statements, and the credit counseling certificate. *Simon v. Amir (In re Amir)*, 436 B.R. 1, 20 (B.A.P. 6th Cir. 2010). There, the debtor had actively participated in his bankruptcy case for nearly one year despite failing to file a credit counseling certificate. *Id.* at 22. However, upon learning that the bankruptcy court had ruled that certain property was property of the bankruptcy estate, the debtor argued his case must be dismissed because he was ineligible to be a debtor under Section 109(h). *Id.* The bankruptcy court denied the debtor's motion to dismiss and the appellate panel confirmed on the grounds of waiver, noting that "[i]n cases where debtors 'have attempted to use their own non-compliance strategically in order to have their cases dismissed. . . ,' most courts have held that a court has discretion to waive the § 109(h) requirement." *Id.* at 21 (citing *In re Lilliefors*, 379 B.R. 608, 611 (Bankr. E.D. Va. 2007); *Mendez*, 367 B.R. at 118; *In re Timmerman*, 379 B.R. 838 (Bankr. N.D. Iowa 2007); *In re Parker*, 351 B.R. 790. 796 (Bankr. N.D. Ga. 2006); and *In re Crawford*, 420 B.R. 833, 838-39 (Bankr. D.N.M. 2009)).

While the undersigned is sympathetic to the Trustee's position, "where a section of the

3

Bankruptcy Code is cast in plain language and does not lead to an absurd result, the bankruptcy judge's role is simply to enforce it." *In re Dyer*, 381 B.R. 200, 204 (Bankr. W.D.N.C. 2007) (citing *Lamie v. U.S. Trustee*, 540 U.S. 526, 124 S.Ct. 1023, 1030, 157 L.Ed.2d 1024 (2004); *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6, 120 S.Ct. 1942, 1946, 147 L.Ed.2d 1 (2000); *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989)).

The mandates of Section 109 are clearly stated. Section 109(h)(1) provides that "an individual may not be a debtor under this title unless such individual has, during the 180-day period ending on the date of filing the petition by such individual, received from an approved nonprofit budget and credit counseling agency. . . briefing." It also does not compel an absurd result. While dismissal of this case may not be to the financial benefit of creditors, this statute was intended to benefit both creditors and debtors. Section 109(h)(1) "requires debtors to receive credit counseling before they can be eligible for bankruptcy relief so that they will make an informed choice about bankruptcy, its alternatives, and consequences." H.R. Rep. No. 109-31, pt. 1 at 4 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 88, 90-1, U.S.Code Cong. & Admin.News 2005, pp 88, 89. Accordingly, enforcement of Section 109 does not lead to an absurd result.

Here, the Debtor filed without a lawyer, without briefing, and without knowledge of exactly what he was getting himself into. Had the Debtor consulted with an attorney or participated in an approved credit counseling course prior to filing, he likely would have realized that a Chapter 7 bankruptcy filing was not in his best interest—the exact harm sought to prevented by the mandate of Section 109(h).

Furthermore, this case is distinguishable from the minority line of cases cited by the Trustee. Unlike those debtors, this Debtor has not petitioned the Court for a dismissal of his

4

case. Rather, his case was brought on for dismissal by the Court's Show Cause Order. As such, to allow this case to be dismissed would not encroach upon the fundamental integrity of the bankruptcy system.

Again, while the undersigned is sympathetic to the Trustee's position, "where Congress provides a clear and unambiguous rule, there is simply no room for a judge to substitute his or her own opinion." *In re Dyer*, 381 B.R. at 206. Section 109(h) is clear in its mandate that debtors receive credit counseling briefing prior to the filing date. Here, the Debtor did not comply with that requirement. Accordingly, this case must be **DISMISSED**.

Given that this is an issue of first impression in this District, this ruling shall be **STAYED** for **14 DAYS** from the entry of this order to permit the Trustee an opportunity to file a notice of appeal of the same. No bond shall be required for the appeal, and the Trustee shall continue to hold any monies currently in her possession during this time. If an appeal of this order is timely filed, this stay shall be extended and expanded. Administration of this case and all other deadlines shall be **STAYED** pending the resolution of such appeal and the Trustee shall retain possession of any monies currently in her possession until otherwise ordered.

**SO ORDERED**.

This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order.

United States Bankruptcy Court

5